VAUGHN, Justice,
concurring:
I agree that a Brady violation occurred, and I am satisfied that it warrants a new trial. I write separately because I do not agree with the Court’s conclusions on the Moore cross-examination or the Michael Starling statement.
On direct examination at trial, Moore stated that he, himself, was 5'11", and that the shooter was “about my height.”[125] When asked whether he was sure that the shooter was neither taller nor shorter than him, he responded:
I mean, it happened so quick, so it was like, you know, I just gave my guesstimate. He was either shorter or taller, but I know he wasn’t taller than me. I know that for a fact.[126]
On cross-examination, Moore estimated the shooter’s height at 5'11" or a little shorter. He testified that his own weight was 175, and that the shooter had a little smaller build than his.
Trial counsel then confronted Moore with-the fact that he had told an investigator that the shooter’s height was 6'1" or 6'2". Moore admitted telling the investigator that the shooter was 6'1" or 6'2", but explained it this way:
Now that I’m looking at it, I remember saying it. Like I said, it happened so quick, I mean, just basically threw it out there.[127]
Thus, trial counsel elicited on cross-examination that Moore had given the investigator an estimate of the shooter’s height which was substantially at variance with Starling’s actual height. Moore also admitted that he had reported to the investigator that the shooter weighed about 200 or 205 pounds. In his closing argument, trial counsel argued these conflicts to the jury, and argued that 6'1" or 6'2" and 200 or 205 pounds better described Gaines than Starling.
On this record, Starling has failed to establish prejudice from trial counsel’s failure to ask about the photos of the suspects. A question about the photos would have informed the jury that Moore had said that neither photo looked like the shooter, and that the shooter was taller than Starling. But counsel did put before the jury the fact that Moore had said to an investigator that the shooter was 6'1" or 6'2" and 200 to 205 pounds. It made no difference. Nothing in the record suggests that repeating it a second time in the context of the photos would have made any difference. And there is nothing in the record to indicate how Moore would have *338 handled the question if he had been asked. When asked about his statement that the shooter was 6'1" or 6'2", he tried to minimize it, saying that he had “just basically, threw it out there.”[128] ' Since Starling has failed to establish prejudice, I need not consider whether trial counsel’s failure to ask about the photos fell below an objective standard of reasonableness. I do think it merits mention, though, that here we have an instance of human error, the forgetting to ask a question. In my opinion, when trial counsel’s cross-examination of Moore is considered as a whole, the Court’s finding that his failure to ask about the photos fell below an objective standard of reasonableness sets an unfortunate precedent.
Starling has also failed to establish prejudice with regard to Michael Starling’s statement. Prejudice exists only .if. the statement is involuntary and thus inadmissible. The place to make that showing is in this post-conviction proceeding, where the Strickland analysis is taking place.. In the Superior Court, Starling’s claim of ineffectiveness regarding Michael»Starling’s statement included an assertion that the statement was .involuntary. .In its post-conviction opinion, the Superior Court rejected Starling’s claim. The fact that he can make the same assertion when he goes back to his new trial, with an unknown outcome, does not establish prejudice under Strickland.
' ,1 express no opinion on the voluntariness or lack of voluntariness of Michael Starling’s statement, as the issue may come back to us on a developed Superior Court record if Starling is convicted at his new trial. I hope the Superior Court judge hearing Starling’s case will not be influenced, even slightly, by this Court’s statement that “serious doubt existed about the voluntariness of Michael’s statement.” I hope that the Superior Court judge will render her own, independent judgment based upon her evaluation of the evidence.

. Appellant’s Op, Br, App. at A496.

. Id.

. Id.

.Id. at A498.